UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PABLO NIEVES and TELANA NIEVES,

                                 Plaintiffs,

                                                                                  <u>DECISION AND ORDER</u>

                                                                                   08-CV-6538L

                               v.

THE COUNTY OF MONROE,
THE CITY OF ROCHESTER,
CATHERINE LUCCI, individually and as a Rochester Police
Department Investigator, Badge No. 353,
THE MONROE COUNTY OFFICE OF CHILD PROTECTIVE SERVICES,
ELIZABETH OPP, and BRICE MEADE,
individually and as C.P.S. INVESTIGATORS,
and other known or unknown members of the
CITY OF ROCHESTER POLICE DEPARTMENT and
THE MONROE COUNTY OFFICE OF CHILD
PROTECTIVE SERVICES,

                                    Defendants.
_____

      Plaintiff, Pablo Nieves ("Nieves") and his wife commenced this action against the County of Monroe (the "County"), the City of Rochester, New York, Rochester Police Investigator Catherine Lucci, the Monroe County Office of Child Protective Services and two of its investigators, Brice Meade and Elizabeth Opp. Nieves alleges a civil rights violation, pursuant to 42 U.S.C. § 1983 and alleges malicious prosecution by defendants relative to his felony indictment for three counts of rape.

      The County, Child Protective Services, Meade and Opp (collectively "the County defendants") now move to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(c).

      Because I find that plaintiff has failed to adequately plead a federal malicious prosecution cause of action against any of the defendants, and because I believe the two child protective services investigators are entitled to qualified immunity, their motion to dismiss the complaint (Dkt. #11) is granted, and the complaint as against them is dismissed.

DISCUSSION

The relevant facts are, for the most, part not in dispute. Nieves' daughter, Evelyn, made certain statements to a probation officer in Reading, Pennsylvania, accusing Nieves of several instances of child abuse and molestation over the course of several years. Because some of the activities had occurred in Monroe County, the matter was referred to Monroe County Child Protective Services and both defendant Meade and Opp became involved. A written statement was taken from Evelyn Nieves, the alleged victim, and the matter was eventually referred to the Monroe County District Attorney's Office. That office determined that the complaint should be submitted to the Monroe County Grand Jury, but that Nieves not be arrested until the matter had been presented to the Grand Jury.

Apparently efforts were made to contact Nieves concerning the allegations made by his daughter. He advised investigators that he had retained counsel and, therefore, they did not seek to interview Nieves at that time.

It does not appear that either investigators Meade or Opp testified before the Monroe County Grand Jury or provided any information to that body. Nieves' lengthy complaint does not allege anything to the contrary. It appears that the evidence submitted to the Grand jury consisted of Evelyn Nieves' statements to the Reading Police Department, and statements made to Rochester Police Department Investigator Lucci.

Nieves was aware of the charges and, along with his counsel, met with investigators. It does not appear that Nieves testified before the Monroe County Grand Jury. On September 25, 2006, Nieves was indicted and charged with three counts of rape of his minor daughter. The case was tried by a jury, and on May 18, 2007, Nieves was acquitted of all charges. This action followed.

The applicable standard for determining motions to dismiss now requires the plaintiff's pleading to set forth sufficient facts that the claim is plausible on its face. The prior requirement that a motion to dismiss would be granted if there was any set of facts upon which relief could be granted is no longer operative since the United States Supreme Court decision in *Bell Atlantic v. Twombly*,

550 U.S. 544, 570 (2007) and *Ashcroft v. Iqubal,* ____ U.S. ____, 129 S. Ct. 1937, 1949 (2009). The County Defendants contend that plaintiff has failed to meet this test of plausibility, and further argue that in any event, the Child Protective Service defendants are entitled to qualified immunity.

Plaintiff references several documents and reports in the complaint, and defendants have included some of those in its motion to dismiss. This Court may consider such statements or documents when ruling on a Rule 12(b)(6) motion especially to the extent plaintiff relied on such information and documents in framing the complaint. *See Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004) ("[a] complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint") (internal citations omitted). *See also Johnson v. Univ. of Rochester Med. Ctr.,* 686 F. Supp. 2d 259, 264 (W.D.N.Y. 2010); *Savino v. Fiorella*, 2007 U.S. Dist. LEXIS 43284 at *10-*11 (W.D.N.Y. 2007).

A malicious prosecution claim consists of four elements: (1) the commencement or continuation of a criminal proceeding by the defendant(s) against the plaintiff; (2) the termination of the proceedings in plaintiff's favor; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice. In addition, a "plaintiff asserting a Fourth Amendment malicious prosecution claim under §1983 must … show some deprivation of liberty consistent with the concept of 'seizure,'" in order "to ensure that the §1983 plaintiff has suffered a harm of constitutional proportions." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995).

One of the principal grounds for defendants' motion to dismiss is that plaintiff has failed to adequately plead a malicious prosecution cause of action. First of all, plaintiff must plead that the named defendants "initiated" a criminal prosecution against the plaintiff. Simply reporting a crime, or providing facts relating to a potential crime to law enforcement, is insufficient to allege or establish the "commencement or continuation" of criminal proceedings against a plaintiff. *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) ("[t]o initiate a prosecution, a defendant must do more than report the crime or give testimony. He must 'play[ ] an active role in

the prosecution, such as giving advice and encouragement or importuning the authorities to act'"), *quoting Rohman v. New York City Transit Authority*, 215 F.3d 208, 217 (2d Cir. 2000). Thus, a jury may permissibly find that a defendant initiated a prosecution where he "fil[ed] the charges," signed a criminal complaint against the defendant, or "prepar[ed an] alleged false confession and forward[ed] it to prosecutors." *Id.*, *quoting Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2d Cir. 1997).

Here, all that plaintiff alleges the named Child Protective Services investigators did was to "forward" the matter to the Monroe County District Attorney's Office. No further follow-up or prosecutorial involvement by the investigators is alleged or evidenced in the record. Rather, evidence was submitted to the Monroe County Grand Jury, and that body determined that there was probable cause and, therefore, returned the three-count indictment against Nieves. It appears that the evidence before the grand jury consisted mainly in the testimony of the victim Evelyn. The decision to submit the case to the grand jury was not made by defendants Meade or Opp but by others and, therefore, it cannot be said that Meade or Opp initiated the prosecution against Nieves. Accordingly, Nieves has failed to allege that it was these investigators who initiated the prosecution against him.

The pleading is also deficient in its failure to allege that the prosecution was commenced without probable cause. Because the absence of probable cause is an essential element of malicious prosecution, the existence of probable cause provides a complete defense to malicious prosecution claims. *See Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). Furthermore, an indictment by a grand jury establishes, as a matter of law, the existence of probable cause for the underlying arrest – except in circumstances involving bad faith, fraud, perjury or suppression of evidence. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003), *citing Colon v. City of New York*, 60 N.Y.2d 78 (N.Y. Ct. App. 1983).

Thus, the presumption of probable cause may only be rebutted by evidence that the indictment was procured by fraud, perjury with suppression of evidence or other police conduct

taken in bad faith. *Id*. Plaintiff does not plead any such conduct on the part of any of the County defendants. Indeed, the Child Protective Services investigators are not alleged to have played any role or performed any function with respect to the procurement of the indictment. Even if their role had been more expansive, it is well-settled that an arrest is supported by probable cause where, as here, the pertinent officers have acted upon relevant information or supporting statements from an alleged victim or an eyewitness. *See Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000); *Donovan v. Briggs*, 250 F. Supp. 2d 242, 251 (W.D.N.Y. 2003).

I also agree with defendants that plaintiff has failed to plead the malice that is a cornerstone and requirement of pleading, and proving, a malicious prosecution claim. Conclusory or speculative allegations are insufficient: plaintiff must *specifically* allege that the named defendants acted with malice. *See generally Grossman v. City of New York*, 2008 U.S. Dist. LEXIS 19065 at *8 (S.D.N.Y. 2008) (granting motion for summary judgment and dismissing malicious prosecution claim where plaintiff offers "mere conclusory allegations and speculation relating to malice") (internal quotations omitted), *citing D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).

Plaintiff does not allege that Meade and/or Opp, who took very little action in the case other than to make reports about complaints from the victim, acted with malice. Furthermore, I note that what few actions the investigators did take were authorized, if not compelled, by law. Prior to and at the time of the indictment, the victim, a minor, had made serious allegations against her father. Under such circumstances, New York State law requires Child protective service officials to take prompt action to review and investigate the allegations, and under certain circumstances, to turn the matter over to the District Attorney. *See* N.Y. Social Services Law §424 (outlining the "[d]uties of child protective service concerning reports of abuse or maltreatment," including the referral of certain matters to the district attorney).

These pleading deficiencies alone require dismissal of this action, and as such the Court need not reach the issue of qualified immunity. However, I find that even if the complaint were otherwise

sufficiently pleaded, Child Protective Services Investigators Meade and Opp are entitled to qualified immunity.

Qualified immunity shields public officials from an action for civil damages, to the extent that their challenged acts do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Specifically, the doctrine applies where it is "objectively reasonable" for an official to believe that his conduct did not violate a plaintiff's constitutional rights, in light of clearly established law and in the information possessed by the official. *See Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995). District and trial courts have been cautioned to carefully consider claims of qualified immunity, and to decide those questions at the earliest possible stage in the litigation. *See Saucier v. Katz,* 533 U.S. 194, 200-201 (2001).

Particular care must be taken in assessing claims of qualified immunity by child protective service workers, because of the complex nature of their duties. In recognition of this fact, New York extends immunity to any person participating in good faith in providing child protective services, provided that such person acts in the discharge of their duties and the scope of their employment, and does not engage in willful misconduct or gross negligence. *See* N.Y. Social Services Law §419. In my view and accepting as true all of the allegations of the Complaint, N.Y. Social Services Law §419 provides the investigators with immunity.

Even in the absence of N.Y. Social Services Law §419, the child protective services officers would be entitled to qualified immunity under the Constitution and applicable federal law. The Second Circuit has recognized that qualified immunity is necessary to provide substantial protection for child protective service case workers, because they must constantly choose between "difficult alternatives" in deciding how to fulfill their duties. *See Cornejo v. Bell,* 592 F.3d 121, 128 (2d Cir. 2010), *quoting Tenenbaum v. Williams*, 193 F.3d 581, 596 (2d Cir. 1999). I find that upon the facts alleged, it was objectively reasonable for the investigators to believe that their acts did not violate

plaintiff's rights. *See Robison v. Via,* 821 F.2d 913, 920-21 (2d Cir. 1987). This is especially so, considering the limited activity and involvement of Child Protective Investigators Meade and Opp. All these defendants did was to pass on information to others, in a manner which was wholly within the scope of their duties and consistent with the accompanying legal obligations.

Plaintiff has also failed to adequately allege a *Monell* claim against the County. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 691 (1978) (in order to state a claim against a municipal defendant, the plaintiff must plead that the defendant acted individually to violate the plaintiff's constitutional rights, either by participating directly in the alleged violation, or by creating a custom or policy under which unconstitutional practices occurred). *See also Parker v. DeBuono*, 2000 U.S. App. LEXIS 31542 at *2 (2d Cir. 2000) (allegations that municipal defendants acted pursuant to customs or policies that violated Section 1983 are insufficient "without any facts suggesting the existence of [such customs or policies]") *See also Bradley v. City of New York*, 2009 U.S. Dist. LEXIS 51532 at *8-*9 (E.D.N.Y. 2009) (collecting cases and observing that "[i]n terms of what a complaint must allege to survive a Motion to Dismiss, the Second Circuit has held that the mere assertion . . . that a municipality has [an unconstitutional] custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference") (internal quotations omitted). Here, plaintiff has not plausibly alleged that the County engaged in any custom, pattern or policy in violation of his constitutional rights. The only claims pleaded against the County are based on activities of Investigator Opp and Meade, which must, for the reasons discussed, above, be dismissed. To the extent that plaintiff alleges claims again the Monroe County Department of Social Services, defendants contend that the department is not a separate entity from the County or subject to a separate lawsuit. I concur, and note that and even if it were a separate entity, plaintiff's claims against it would be deficient for the reasons already discussed.

I also agree with the defendants that because Nieves' wife, Telana, was not charged or prosecuted, she has no independent cause of action and the malicious prosecution claim alleged by her must also be dismissed.

## CONCLUSION

The motion of defendants the County of Monroe, the Monroe County Office of Child Protective Services, Elizabeth Opp and Brice Meade, to dismiss (Dkt. #11) is granted and the complaint is hereby dismissed, in its entirety, as to these defendants, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 25, 2011.